UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiff(s),<br><br>v.<br><br>DERRICK KELLER,<br><br>Defendant(s). | Case No. 2:21-CV-10 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff State Farm Fire and Casualty Company's ("State Farm") motion for summary judgement. (ECF No. 6). Defendant Derrick Keller ("Keller") responded in opposition (ECF No. 9) to which State Farm replied (ECF No. 10).

**I.   BACKGROUND**

This is an action brought by plaintiff insurer, State Farm, requesting judicial declaration that it is no longer obligated to defend or indemnify defendant Keller in any action arising out of an underlying state battery claim against him. (ECF No. 1). At all relevant times during this incident, defendant Keller was insured under a State Farm Homeowners Insurance Policy (issued to Rick and Kristin Keller) as well as a State Farm Personal Liability Umbrella Policy (PLUP) (collectively, "the policies"). (ECF No. 9 at 4).

On March 12, 2017, defendant Keller attended a party in Las Vegas, Nevada. (*Id.* at 4). Another individual, Jason Miller ("Miller") also attended the event. (ECF No. 6 at 3). Miller alleges that while at the party defendant Keller hit him on the left-hand side of his jaw with a closed fist, causing him significant injury (the "incident"). (ECF No. 6 at 34).

On August 23, 2017, a criminal complaint was filed against Keller for attempted battery of Miller. (ECF No. 6-9). On September 29, 2017, Keller entered an *Alford*[1] plea[2] on the charge of attempted battery and later pled no contest to misdemeanor battery, in which the final judgment included an order of restitution of $16,588.00 to Miller.[3] (*Id.*).

On May 14, 2018, Miller filed a civil action in state court (the "underlying action") against nine (9) defendants. (ECF No. 9 at 4). Miller did not bring a claim against Keller. (*Id.* at 5). However, the original defendants filed a third-party complaint against Keller since Miller's complaint alleged that Keller "struck" Miller during the incident. *Id.* and ECF No. 6-4 at 6).

Keller and his parents, the named policy holders, contacted State Farm once they were notified of the civil action filed against Keller. (ECF No. 9 at 5). State Farm initially agreed to defend Keller subject to a reservation of rights under the policies. (*Id.*).

During his deposition for the underlying action, Keller testified that while he does remember getting into three other altercations the evening of the incident (including one in which he hit another gentleman), he had no recollection of anyone, including himself, striking Miller. (ECF No. 9-4 at 77–82). In fact, Keller testified he had no memory of interacting with Miller at the party at all. (*Id.*). Conversely, Miller testified that Keller was severely intoxicated at the event and hit him in the jaw with a closed fist, causing significant injury. (ECF No. 6 at 5 ¶11).

---

[1] "…an *Alford* plea, based on *North Carolina v. Alford*, 400 U.S. 25, 37–38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." *Almanza-Arenas v. Lynch*, 815 F.3d 469, n.3 (9th Cir. 2016) (internal citation omitted).

[2] Keller's *Alford* plea provided: "[b]y pleading guilty to the *Alford* decision, it is my desire to avoid the possibility of being convicted of more offenses or of a greater offense if I were to proceed to trial on the original charge(s) and of also receiving greater penalty. I understand that my decision to plead guilty by way of the *Alford* decision *does not require me to admit guilt*." (ECF No. 9 at 4) (emphasis in original).

[3] Under Federal Rule of Evidence 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b)(2). Even though these statements regarding Keller's underlying criminal action are only mentioned by State Farm, the statements are supported by Nevada state court documents as attached to State Farm's motion. Since these facts can be accurately determined from the state court documents—and not reasonably disputed—the court takes proper judicial notice of them under Rule 201(b)(2).

James C. Mahan
U.S. District Judge

- 2 -

No adjudication has been made in the underlying action. (ECF No. 9 at 6).

A. **Insurance Coverages**

The State Farm policies that covered Keller at the time of the incident required State Farm to provide Keller with a defense and to pay damages for "bodily injury" resulting from a covered "occurrence" or "loss." (ECF Nos. 6-2 at 25; 6-3 at 12). The policies define both "occurrence" and "loss" as "accidents" that result in bodily injury. (ECF Nos. 6-2 at 25; 6-3 at 8). "Accidents," however, do not extend to bodily injury that is either "expected or intended by the insured," or results from any "willful and malicious act of the insured." (ECF Nos. 6-2 at 26, 6-3 at 15).

When State Farm initially agreed to defend Keller, it did so via a letter that consented to representation subject to a reservation of rights. (ECF Nos. 6-6; 6-10). The letter stated in relevant part that there were questions as to "whether the damages claimed arose out of an 'occurrence' "—that is, whether the damages arose out of an act that Keller "expected or intended" or resulted from his "willful and malicious" conduct. (ECF No. 6-10). State Farm now seeks to invoke its reservation of rights and terminate its obligations to Keller in the underlying action. (ECF No. 6 at 1).

II. **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if there is an adequate evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a fact is "material" if it could affect the outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The court's role is not to weigh the evidence but to determine whether a genuine dispute exists for trial. *Id.* at 249. Additionally, the court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249–50.

James C. Mahan
U.S. District Judge

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid unnecessary trials on undisputed facts. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

**III.   DISCUSSION**

State Farm argues that it has no duty to defend Keller as a matter of law because, upon further discovery in the underlying action, it appears that Miller's bodily injury was the result of Keller's intentional act not covered by the policies. (ECF No. 6 at 1–2). Keller counters that summary judgment is improper because a genuine issue of material fact exists as to whether Keller intentionally hit Miller. (ECF No. 9 at 3).

Keller supports his position by highlighting that his *Alford* plea regarding the criminal attempted battery charge did not require him to admit guilt, and that Miller did not name him as a defendant in the underlying civil lawsuit. (*Id.* at 4–5). Further, in his deposition, Keller did not admit to hitting Miller and instead testified that "he does not remember the incident involving Miller." (*Id.*). Keller asserts that his failure to remember the incident creates a genuine issue of material fact. (*Id.*).

The court disagrees and finds that further discovery would be futile for Keller's opposition. Therefore, consistent with the following, the court GRANTS State Farm's motion for summary judgment.

**A.  Keller's failure to remember does not create a genuine issue of material fact**

The primary evidence Keller provides to the court is that he never admitted to hitting Miller and does not recall the events of the incident. (ECF No. 9). The court finds this evidence to be merely colorable and not significantly probative to survive summary judgment.

While Keller correctly points out that his *Alford* plea does not admit guilt, he offers no additional information to contradict Miller's affirmative identification of him as the assailant. (*Id.*).

Keller argues that because he is the nonmovant, Nevada law requires the court at summary judgment to accept his statements as true and not pass on the credibility of his

James C. Mahan
U.S. District Judge

- 4 -

deposition testimony. (*Id.* at 10, citing *Sawyer v. Sugarless Shops*, 106 Nev. 265, 267-68 (1990)). Keller mistakenly relies on Nevada law for the summary judgment standard in federal court. Federal courts sitting in diversity apply federal, not state, procedural law. *Gasperini v. Center for Humanities*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

Under the federal summary judgment standard, while the court must view the evidence in the light most favorable to Keller, the Ninth Circuit has previously held that uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact precluding summary judgment. *Villiariamo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Indeed, the Ninth Circuit has specifically held that "[f]ailure to remember and lack of knowledge are not sufficient to create a genuine dispute for purposes of defeating summary judgment." *Fed. Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002)

Thus, Keller's conclusory and uncorroborated claim that he does not remember hitting or even interacting with Miller, without more—even when viewed in the light most favorable to Keller—is insufficient as a matter of law to create a genuine dispute of material fact.

**B. State Farm's Duty to Defend and/or Indemnify**

Because the court finds that the incident is not covered by the policies, the court holds that State Farm has no duty to further defend and/or indemnify Keller.

**IV. CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff State Farm's motion for summary judgment (ECF No. 6) be, and the same hereby is, GRANTED. State Farm's duties under the polices to defend and indemnify defendant Keller in connection with any action arising out of the March 12, 2017, incident are fully and completely discharged.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1          The clerk of the court is instructed to enter judgment for plaintiff State Farm on all claims
2  and close this case.
3          DATED March 14, 2022.

_____
UNITED STATES DISTRICT JUDGE